

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

MEF:KM  
F. #2024R00262

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

April 3, 2025

<u>By E-mail and ECF</u>

The Honorable Vera M. Scanlon  
United States Magistrate Judge  
Eastern District of New York  
225 Cadman Plaza East  
Brooklyn, New York 11201

    Re: United States v. Anthony Colon  
      <u>Criminal Docket No. 25-118 (DLI)</u>

Dear Judge Scanlon:

  The government respectfully submits this letter in support of its application for the entry of an order of pretrial detention for defendant Anthony Colon.[1]  As described below and in the eleven-count indictment, the defendant together with his co-defendants (collectively, the "defendants") engineered a gun-trafficking conspiracy that distributed 26 deadly firearms into our communities, including semi-automatic handguns, rifles, stolen firearms, firearms with obliterated serial numbers, and "ghost guns."  For these reasons and the reasons set forth below, the government respectfully submits that the defendant is both a danger to the community and a flight risk.  Because no condition or combination of conditions can reasonably secure his appearance as required or the safety of the community, the defendant should be detained pending trial.

I. <u>Background and Offense Conduct</u>

  Since approximately March 2024, the government has been investigating the unlawful trafficking of firearms from North Carolina to New York City.  During the investigation, between March and May 2024, over the course of five transactions, the defendants sold 26 firearms including to an undercover officer (the "UC") in Queens, New York.  The defendants, of course, did not believe they were selling guns to a law enforcement officer.  Instead, the UC told the defendants that he had traveled from Chicago, where he would return to resell the guns that were provided to him.  Colon, who resides in Queens, was present for all five illegal sales to the UC.

---

  [1] The indictment also charges three additional defendants who will be arraigned in this district at a future date.

The defendants are each charged with unlawful firearms trafficking and unlicensed firearms dealing conspiracy, in violation of Title 18, United States Code, Sections 371, 922(a)(1)(A) and 933.  Count One charges the defendants with violating the gun trafficking provisions of the Bipartisan Safer Communities Act, Pub. L. No. 117-159, § 12004, 136 Stat. 1313 (2022) (codified at 18 U.S.C. § 933).  Congress passed this law in part to curb the recent rise of gun violence throughout the United States by criminalizing firearms trafficking and the straw purchase of guns.  In addition, Colon is charged with possession of guns with obliterated serial numbers, in violation of Title 18, United States Code, Section 922(k).

The defendants' gun deals occurred primarily in the parking lot of a local Popeye's restaurant near the Pomonok Houses—a public housing development in Queens.  Almost all the deals occurred in the middle of the afternoon and in broad daylight, with the dealers sometimes brazenly walking down public streets carrying bags of dangerous guns.  As pictured further below, many of the guns were handguns that could be easily concealed.  Additionally, some of the guns had obliterated serial numbers or were made from "ghost gun" kits so that they would be more difficult to track by law enforcement.[2]

II.     Legal Standard

Under the Bail Reform Act, 18 U.S.C. § 3141 et seq., federal courts are empowered to order a defendant's detention pending trial upon a determination that the defendant is either a danger to the community or a risk of flight.  18 U.S.C. § 3142(e).  A finding of dangerousness must be supported by clear and convincing evidence, United States v. Ferranti, 66 F.3d 540, 542 (2d Cir. 1995), and risk of flight must be proven by a preponderance of the evidence, United States v. Jackson, 823 F.2d 4, 5 (2d Cir. 1987).

The concept of "dangerousness" encompasses not only the effect of a defendant's release on the safety of identifiable individuals, such as victims and witnesses, but also "the danger that the defendant might engage in criminal activity to the detriment of the community."  United States v. Millan, 4 F.3d 1038, 1048 (2d Cir. 1993) (quoting legislative history).

Whether detention is sought on the basis of flight or dangerousness, the Bail Reform Act lists four factors to be considered in the detention analysis: (1) the nature and circumstances of the crimes charged, including whether the offense involved a controlled substance or a firearm; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant; and (4) the seriousness of the danger posed by the defendant's release.  See 18 U.S.C. § 3142(g).

Additionally, the possibility of a severe sentence is an important factor in assessing a defendant's likelihood of flight.  See United States v. Jackson, 823 F.2d 4,7 (2d Cir. 1987); United States v. Martir, 782 F.2d 1141, 1147 (2d Cir. 1986) (concluding that maximum combined terms for defendant's charged crimes created "potent incentives to flee"); United States v. Cisneros, 328 F.3d 610, 618 (10th Cir. 2003) (concluding defendant was a flight risk because her

---

[2]     A ghost gun is a firearm made from kits which include all the parts and often the equipment necessary to build a complete firearm.  Ghost guns generally do not have serial numbers, which makes it more difficult for law enforcement to trace them.

2

knowledge of the seriousness of the charges against her created a strong incentive to abscond); United States v. Townsend, 897 F.2d 989, 995 (9th Cir. 1990) ("Facing the much graver penalties possible under the present indictment, the defendants have an even greater incentive to consider flight."); United States v. Dodge, 846 F. Supp. 181, 184–85 (D. Conn. 1994) (observing that possibility of a "severe sentence" heightens risk of flight).

Evidentiary rules do not apply at detention hearings, and the government is entitled to present evidence by way of proffer, among other means. See 18 U.S.C. § 3142(f)(2); see also United States v. LaFontaine, 210 F.3d 125, 130–31 (2d Cir. 2000). In the pretrial context, few detention hearings involve live testimony or cross-examination. Most proceed on proffer. See LaFontaine, 210 F.3d at 131. This is because bail hearings are "typically informal affairs, not substitutes for trial or discovery." Id. (internal quotation marks omitted); see also United States v. Mercedes, 254 F.3d 433, 437 (2d Cir. 2001) ("[The defendant] has twice been convicted of weapon possession—one felony conviction, and one misdemeanor conviction. We find the district court committed clear error in failing to credit the government's proffer with respect to [the defendant's] dangerousness.").

Where a judicial officer concludes after a hearing that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community, such judicial officer shall order the detention of the person before trial." 18 U.S.C. § 3142(e)(1).

III. Argument

The Bail Reform Act counsels in favor of the defendant's detention here. The government more than meets its burden to show by clear and convincing evidence that the defendant poses a danger to the community based on his participation in a conspiracy to traffic over twenty dangerous guns into New York City. Moreover, the overwhelming evidence gathered during the investigation, coupled with the high penalties the defendant faces, gives him a strong incentive to flee. The government can therefore likewise show by a preponderance of the evidence that the defendant poses a flight risk.

A. The Defendant Poses a Serious Danger to the Community

The defendant should be detained pending trial because he poses a serious danger to the community. See 18 U.S.C. § 3142(g). The defendant conspired to flood our community's streets with lethal and easily concealed guns. Many of these guns had defaced serial numbers or were "ghost guns," purposely designed to avoid detection by law enforcement. The way the defendant sold the guns also endangered our neighbors in Queens: the defendant engaged in these sales nearby to a public housing complex. Worse still, these sales often occurred in broad daylight, which demonstrates the brazenness of the defendant in disobeying the law.

Courts in this Circuit regularly order pretrial detention in cases involving gun trafficking or possession of firearms. See, e.g., United States v. McCann, No. 23-CR-08 (WFK), 2023 WL 2857917, at *6 (E.D.N.Y. Apr. 10, 2023) (ordering detention of defendant involved in firearms trafficking conspiracy); United States v. Clarke, No. 22-CR-341 (LDH), ECF Nos. 4, 13, 14 (E.D.N.Y. June 28, 2022) (same); United States v. Smalls, No. 20-CR-126, 2020 WL 1866034,

at *1 (S.D.N.Y. Apr. 14, 2020) (affirming magistrate judge's order of detention that was based, in part, on "the general danger to the community posed by [the defendant's] apparently ready access to firearms"); United States v. Williams, No. 20-CR-293-2, 2020 WL 4719982, at *3 (E.D.N.Y. Aug. 13, 2020) ("[T]he danger of Defendant's release is demonstrated through the fact [that] Defendant's instant and past offense involved the use of a firearm."); United States v. Thompson, 436 F. Supp. 3d 631, 636 (W.D.N.Y. 2020) (ordering detention of defendant responsible for firearms and narcotics trafficking offenses); United States v. Gumora, 454 F. Supp. 3d 280, 291 (S.D.N.Y. 2020) (ordering detention of defendant charged with being a felon-in-possession and possession of narcotics on dangerousness grounds, despite contention that his asthma put him at "increased risk of getting severely ill or dying" from COVID-19 while incarcerated); United States v. Harris, No. 19-CR-300, 2020 WL 4014901, at *7 (S.D.N.Y. July 16, 2020) ("Defendant's arrest for being a felon in possession itself raises the specter of danger to the community."); see also United States v. Nikolow, 534 F. Supp. 2d 37, 39 (D.D.C. 2008) ("While the charges against the defendant do not involve violent acts, the defendant's illegal possession of 15 firearms in his store and his residence renders him a danger to the community.").

Fourteen of the recovered guns—which include semi-automatic handguns that could be easily concealed—are pictured below.

 

B.   The Defendant Poses a Flight Risk

The defendant should also be detained pending trial because he is a flight risk.

First, the defendant faces significant punishment—he, along with his co-defendants, is charged with trafficking offenses that carry a term of imprisonment up to 15 years. See 18 U.S.C. § 933(b). On its own, the likelihood of a lengthy term of imprisonment gives the defendant a strong incentive to flee. See United States v. Blanco, 570 F. App'x 76, 77 (2d Cir. 2014) (affirming district court's order of detention where defendants faced lengthy term of imprisonment). It also minimizes any risk that pretrial detention would result in an over-served sentence.

Second, the weight of the evidence heightens the defendant's incentive to flee. The evidence of the defendant's involvement in the alleged conduct is overwhelming. An undercover officer conducted controlled buys of guns that were heavily documented, including at times by

4

video. The evidence also includes telephone records showing communications among the co-conspirators, in-person surveillance, and physical evidence including firearms and ammunition. Where, as here, the evidence of guilt is strong, there is "a considerable incentive to flee." Millan, 4 F.3d at 1046; see also United States v. Palmer-Contreras, 835 F.2d 15, 18 (1st Cir. 1987) (per curiam) (noting that where "the evidence against defendants is strong, the incentive for relocation is increased").

IV.    Conclusion

For the foregoing reasons, the government respectfully requests that the Court order the defendant detained pending trial.

          Respectfully submitted,

          JOHN J. DURHAM
          United States Attorney

By:    /s/ Kate Mathews
      Kate Mathews
      Assistant U.S. Attorney
      (718) 254-6402

cc:    Clerk of Court (VMS) (by e-mail)
      Michael Weil, Esq. (by e-mail)